# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6491 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Marc Norfleet vs. #1 Vale, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In the absence of a further filing by Norfleet that provides a full and satisfactory explanation of the improprieties described in this opinion, to be delivered to this Court's chambers on or before October 28, 2004, this Court will deny Norfleet the opportunity to proceed in forma pauperis and will dismiss both the complaint and this action without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 15 2004 date docketed | |
| | Notified counsel by telephone. | | | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/13/2004 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC NORFLEET #20020085357,        )
                                    )
            Plaintiff,              )
                                    )
     v.                             )   No. 04 C 6491
                                    )       04 C 2952
#1 VALE #4166, et al.,              )
                                    )
            Defendants.             )

DOCKETED
OCT 15 2004

MEMORANDUM OPINION AND ORDER

Marc Norfleet ("Norfleet") has just tendered a proposed 42 U.S.C. §1983 ("Section 1983") Complaint, using the form provided to prisoners for that purpose by the Clerk's Office, and has accompanied the Complaint with (1) the Clerk-provided form of In Forma Pauperis Application and Financial Affidavit ("Application") and (2) a printout from the Cook County Department of Corrections ("County Jail," where he is now in custody) that reflects the transactions in his trust fund account there during the six months prior to bringing suit. This memorandum order is issued sua sponte because of the troublesome nature of the Application and Norfleet's financial information.

This is not Norfleet's first invocation of Section 1983 during the current year. In April 2004 he filed a Complaint against Mary Garay (mistakenly spelled "Gray") in Case No. 04 C 2952, also having complied with 28 U.S.C. §1915 ("Section 1915") by submitting an Application and a trust fund account printout. At that time, even though he had $170 in his trust

fund account (which had an average monthly balance of $234.78 during the preceding six-month period), so that he could then have paid the $150 filing fee in full, this Court did not comply literally with the strictures of Section 1915 because of its stated concern that such a payment would render Norfleet unable to continue with his regular commissary purchases. Instead it made the calculation that Section 1915 would otherwise have required, ordering an initial payment of $46.95 on account of the filing fee.

But there are two disturbing factors reflected by the current Affidavit and trust fund printout, both of which render it more than questionable whether Norfleet should be permitted to proceed with this new lawsuit at this time. Here they are:

> 1. Although this Court's April 29, 2004 memorandum order in the earlier Case No. 04 C 2952 ordered the County Jail trust fund officer to collect the initial partial filing fee of $46.95 from Norfleet's trust fund account there and to pay it directly to the Clerk of this District Court, the current printout reflects no initial payment at all. Nor does the printout reflect that any other installment payment has been made, as is required by Section 1915(b)(2) by reason of subsequent deposits into the trust fund account. Instead Norfleet has simply continued to make regular commissary purchases for his own benefit, all of

which have reduced the present account balance to just $.12.

2. In Norfleet's current Affidavit dated September 9, 2004,[1] Affidavit ¶3 has checked off a "No" answer to each of the six itemized potential sources from which Norfleet could have received more than $200 during the last 12 months, with the last of those items (Application ¶3.f) calling for him to report receipts from "any other sources." But the combination of the trust fund printout from the earlier lawsuit and the printout submitted with the current Application reflects total deposits into the account during that 12-month period that aggregated $560: four deposits of $100 each, two deposits of $50 each and three deposits of $20 each. In short, Norfleet has filed a patently false statement under penalty of perjury.

Before this Court turns to the consequences of such a false filing, more should be said about the inexcusable failure to make the required payments under Section 1915: To be sure, such nonpayment does reflect noncompliance by the County Jail personnel with this Court's April 29 order. And it is also true that this District Court's Clerk's Office lacks both the personnel and the resources that would be needed to monitor the

---

[1] That is itself a matter for some concern. Norfleet signed his Complaint on September 29, and for all this Court knows there was some action in the account between the last transaction reported in the printout (an August 25 debit, which reduced the balance to $.12) and the September 29 date of the Complaint.

3

individual accounts in the thousands of prisoner lawsuits that require small monthly payments on account of filing fees, as typically called for by the penny-wise and pound-foolish scheme[2] that Congress has shortsightedly enacted in Section 1915.

But those things cannot be permitted to obscure the fact that the fee payment obligation is <u>Norfleet's own</u> under Section 1915(b). There is simply no excuse for his having flouted the system that has granted him the opportunity to discharge that obligation on the installment plan--there is simply no excuse for his taking money that belongs to the federal government and spending it for his personal purchases at the County Jail commissary. Accordingly this memorandum order is also being placed in the court file in Case No. 04 C 2952, and Norfleet will not be permitted to proceed further with that lawsuit until he has satisfied his accrued obligation to make payments on account of the filing fee: the original $49.65 plus $44 ascribable to the $220 in later deposits to his account (see Section

---

[2] In this instance that ancient metaphoric comparison is an enormous understatement of the waste of resources involved at every level: by imposing the burden on people at the state or federal correctional institutions to keep track of all of the prisoners' accounts, to calculate the statutorily required payments and to make the required remittances (which alone cost the government involved much more to process than the small sums that are remitted); by imposing the burden on people in the district courts' clerks' offices to keep track of all the individual filing fees and the dribs and drabs paid (or payable) on account for each of the large volume of prisoner lawsuits; and even before those efforts, of course, by imposing the burden on federal judges to spend hours making the calculations called for by Section 1915.

1915(b)(2)), or a total of $93.65.[3]

Now to return to the impact on this newly-submitted Complaint of what has been said in this opinion. In the absence of a showing on Norfleet's part as to the source or sources of the $560 in total deposits already referred to, this Court cannot determine whether his "allegation of poverty is untrue," which would call for dismissal of this case under Section 1915(e)(2)(A). But despite that inability, under the circumstances described here this Court cannot and will not allow Norfleet to proceed to invoke the benefits of Section 1915. In the absence of a further filing by Norfleet that provides a full and satisfactory explanation of the improprieties described in this opinion, to be delivered to this Court's chambers on or before October 28, 2004, this Court will deny Norfleet the opportunity to proceed in forma pauperis and will dismiss both the Complaint and this action without prejudice.

                                    */s/ Milton I. Shadur*
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: October 13, 2004

---

[3] That amount is of course subject to being increased to the extent that any further deposits into Norfleet's account may require further payments on account of the filing fee under Section 1915(b)(2).