# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6491 | **DATE** | 10/29/2004 |
| **CASE TITLE** | Marc Norfleet vs. #1 Vale, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Case No. 04 C 6491 is dismissed without prejudice. And as for Case 04 C 2952, this court also adheres to the position stated in Opinion at 4-5: Norfleet will not be permitted to proceed further with that lawsuit until he has satisfied his accrued obligation to make payments on account of the filing fee: the original $49.65 plus $44 ascribable to the $220 in the later deposits to his account (see Section 1915(b)(2)), or a total of $93.65.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV - 1 2004 date docketed | 5 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC NORFLEET #20020085357,       )
                                  )
              Plaintiff,          )
                                  )
    v.                            )    No.  04 C 6491
                                  )
#1 VALE #4166, et al.,            )
                                  )
              Defendants.         )    DOCKETED
_____)
                                  )    NOV - 1 2004
MARC NORFLEET #20020085357,       )
                                  )
              Plaintiff,          )
                                  )
    v.                            )    No.  04 C 2952
                                  )
MARY GRAY,                        )
                                  )
              Defendant.          )

MEMORANDUM OPINION AND ORDER

When Marc Norfleet ("Norfleet") sought leave to file a second pro se lawsuit during 2004, charging separate violations of his constitutional rights assertedly actionable under 42 U.S.C. §1983,[1] this Court spotted a serious violation of Norfleet's fee-payment obligations in his first lawsuit as prescribed by 28 U.S.C. §1915 ("Section 1915"). It therefore issued an October 13, 2004

---

[1] Under this District Court's LR 40.3(b)(1)(B) Case No. 04 C 6491 was automatically assigned to the calendar of this Court because it had earlier received, via random assignment, Norfleet's Case No. 04 C 2952. Norfleet's two filings demonstrate the wisdom of such a rule: If the usual random case assignment by computer had instead delivered Norfleet's second lawsuit to the calendar of a different judge (the probabilities of that happening would have been over 95%), he or she would have been unaware of Norfleet's noncompliance with the statutory payment requirements in his first lawsuit.

memorandum opinion and order ("Opinion") in the later (and therefore higher-numbered) action, while lodging a copy of the Opinion in the earlier action's court file as well.

Norfleet has responded with a handwritten Reply that seeks to lay the blame on everyone but himself. First, he says that it's the fault of the trust fund officer at the Cook County Department of Corrections ("County Jail") for not having paid the required $46.95 down payment toward the $150 filing fee in Case No. 04 C 2952. To be sure, the County Jail personnel were not properly responsive to this Court's initial order of April 29, 2004 ("April Order") in that respect. But the financial responsibility is after all Norfleet's, not the County Jail's.[2] There is simply no arguable justification for Norfleet's having spent all but $.12 of the money in the account in such heedless disregard of his obligations to the court.

Next Norfleet suggests (underlining the sentence for emphasis):

> Maybe the Cook County Jail trust fund officer never received the Order?

That is just wrong--this Court's able minute clerk attended to that

---

[2] Indeed, as the April Order reflects, this Court originally gave Norfleet a break by not denying in forma pauperis status altogether, for the then-existing $170 balance in his trust fund account would have fully covered the $150 filing fee. Ironically in light of later developments, the reason that this Court did not call for such full payment in the April Order was out of its solicitude for Norfleet's ability to spend modest amounts on commissary items for himself, something that a remaining account balance of just $20 would have reduced to the near-vanishing point.

2

transmittal personally, as she always does in prisoner cases. But once more any such suggestion ignores the already-stated fact that the responsibility for payment is Norfleet's. And that responsibility forbade his conduct that blithely brought the account balance below the level where the April Order's requirement of an initial partial filing fee payment could be carried out.

Next Norfleet says that he has no control over the account, that the money "pops up from friends and family in spirts [sic] to feed me," and he couples that assertion with extensive complaints about the food service at the County Jail. Once again that is entirely beside the mark. Court orders such as the April Order must take precedence over a prisoner's individual choices for his own benefit. Moreover, even if Norfleet's assertion about his lack of control were to be credited as somehow correct,[3] so that some other action had to be taken to enforce his statutory obligation, there is no warrant for his having spent the account balance down to its $.12 level, rather than leaving enough of a balance in the account to cover the required near-$50 down payment while he sought to obtain clarification and compliance from the County Jail authorities or from this Court or both.

Impoverished persons are given access to the courts to protect

---

[3] Norfleet has accompanied his Reply with a "Motion for Time Extension," seeking an opportunity to send in an offer of proof if needed to support his position about his lack of control over the funds in his account. Because any such showing would not answer what is said next in the text, that motion is denied.

3

their rights, particularly though not exclusively their constitutional rights. Congress has set special rules for prisoner lawsuits under Section 1915, to assure the protection of those rights while at the same time discouraging the bringing of ill-grounded lawsuits (or too many lawsuits) by persons who would otherwise have nothing to lose by filing them. But just as the justice system has responsibilities to those who seek to remedy wrongs that they claim to have suffered, those who invoke the aid of the justice system in that fashion have their own responsibility to conform to the rules.

Norfleet simply has not done that. As for Case No. 04 C 6491, this Court therefore carries out the promise it made in the Opinion by dismissing the Complaint and the action without prejudice. And as for Case No. 04 C 2952, this Court also adheres to the position stated in Opinion at 4-5:

> Norfleet will not be permitted to proceed further with that lawsuit until he has satisfied his accrued obligation to make payments on account of the filing fee: the original $49.65 plus $44 ascribable to the $220 in later deposits to his account (see Section 1915(b)(2)), or a total of $93.65.

---

[3]/ That amount is of course subject to being increased to the extent that any further deposits into Norfleet's account may require further payments on account of the filing fee under Section 1915(b)(2).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2004

4